IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

***Electronically Filed***

| | | |
|---|---|---|
| JODY BEELER<br><br>Plaintiff,<br><br>v.<br><br>JOY SKAMSER,<br>SMYRNA READY MIX CONCRETE, LLC,<br>TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA,<br>and ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO. 5:24-cv-27-BJB<br><br>Removed from McCracken Circuit Court<br>Civil Action No. 24-CI-00050 |

**NOTICE OF REMOVAL**

Comes the Defendant, Travelers Property Casualty Company of America, (hereinafter "Travelers"), by counsel, and for its Notice of Removal of this lawsuit to the United States District Court for the Western District of Kentucky, Paducah Division, hereby states as follows:

1. Travelers is a named defendant in the lawsuit filed by Jody Beeler (hereinafter "Plaintiff") in the McCracken Circuit Court, McCracken County, Kentucky designated as Case Number 24-CI-00050. Travelers was served with the Plaintiff's Complaint on or about January 30, 2024. A copy of the Summons, Complaint and Service of Process documentation are attached hereto as **Exhibit 1 (State Court Record)**, as required by 28 U.S.C. § 1446(a). These are the only pleadings directed to or filed by Travelers in this action.

2. This is a civil action stemming from a motor vehicle accident which occurred on January 26, 2022 in McCracken County, Kentucky. According to the Complaint, Plaintiff alleges that she drove a motor vehicle on a public roadway when Defendant, Joy Skamser (hereinafter "Skamser"), allegedly negligently collided with the Plaintiff's vehicle. Plaintiff alleges she sustained personal injuries as a result of the motor vehicle accident. The Complaint asserts a negligence claim against Skamser (Count I) in addition to a vicarious liability claim against Skamser's employer, Defendant Smyrna Ready Mix Concrete, LLC (hereinafter "Smyrna") (Count II). Plaintiff also alleges that Travelers violated KRS 304.12-230 (Count III of the Complaint), in connection with its handling of her bodily injury claim – allegations which Travelers expressly denies. As to her own insurer, Defendant Allstate Property and Casualty Insurance Company (hereinafter "Allstate"), Plaintiff asserts claims for underinsured motorist coverage ("UIM") and no-fault benefits (Count IV and V of the Complaint). The Complaint seeks compensatory damages in the form of past and future medical expenses, past and future physical and mental pain and suffering, lost wages, and impairment of earning capacity. It also seeks punitive damages based on alleged violations of Kentucky's Unfair Claims Settlement Practices Act.

3. Plaintiff is now and was at all times relevant hereto, including at the time of filing of this Notice of Removal and at the commencement of Civil Action No. 24-CI-00050, a citizen and resident of the Commonwealth of Kentucky. Upon information and belief, Plaintiff intends to remain a resident of the Commonwealth of Kentucky.

4. Skamser is now and was at all times relevant hereto, including at the time of filing of this Notice of Removal and at the commencement of Civil Action No. 24-CI-

00050, a citizen of the state of Illinois. Upon information and belief, Skamser intends to remain a resident of the state of Illinois.

5. Smryna Ready Mix Concrete LLC is a limited liability company formed under the laws of Tennessee. For purposes of diversity jurisdiction, an unincorporated association (including LLCs) have the citizenship of each partner or member. The sole member of Smryna Ready Mix Concrete LLC is Hollingshead Holding Company, LLC which was formed under the laws of the state of Tennessee. There are only four members of Hollingshead Holding Company, LLC, all of whom are natural persons. The four members (Michael Hollingshead, Jeffrey Hollingshead, Ryan Hollingshead and Melissa Hollingshead) are all citizens of the state of Tennessee.

6. Travelers is now and was at all times relevant hereto, including at the time of filing of this Notice of Removal and at the commencement of Civil Action No. 24-CI-00050, organized and incorporated under the laws of the state of Connecticut and maintains a principal place of business in Hartford, Connecticut. **Exhibit 2 (Printout from Website of Kentucky Department of Insurance)**. Travelers is not now nor was it at the time of the events referenced in the Plaintiff's Complaint incorporated in the state of Kentucky or have a principal place of business or "nerve center" in the state of Kentucky.

7. Allstate is now and was at all times relevant hereto, including at the time of filing of this Notice of Removal and at the commencement of Civil Action No. 24-CI-00050, organized and incorporated under the laws of the state of Illinois and maintains a principal place of business in the state of Illinois. **Exhibit 3 (Printout from Website of Kentucky Department of Insurance)**. Allstate is not now nor was it at the time of the

events referenced in the Plaintiff's Complaint incorporated in the state of Kentucky or have a principal place of business or "nerve center" in the state of Kentucky.

8. Under 28 U.S.C. § 1332(c), Plaintiff is a citizen of Kentucky, Skamser is a citizen of Illinois, Smyrna is a citizen of Tennessee, Travelers is a citizen of Connecticut, and Allstate is a citizen of Illinois. Therefore, jurisdiction is proper because no Defendant is a citizen of the state of Kentucky.

9. This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and § 1367 and is one that the Defendants may remove to this Court pursuant to 28 U.S.C. § 1441(a) because this is an action between citizens of different states.

10. Kentucky state court procedural rules prohibit parties seeking unliquidated damages from pleading a specific amount of alleged damages under KRCP 8.01(2). Plaintiff's Complaint states that she seeks compensatory damages in excess of $5,000. However, based on pre-suit correspondence submitted to Travelers, Plaintiff will allege that her past medical expenses in relation to the motor vehicle accident are approximately $38,000. Assuming a modest ratio of 1 to 1 for a potential award for pain and suffering, the sum of $76,000 (for past medical expenses and pain and suffering) exceeds the threshold necessary to establish diversity jurisdiction. <u>See</u> <u>Vignes-Starr v. Lowe's Home Centers LLC</u>, Case No. 3:20-CV-796, 2021 WL 6932560 (W.D. Ky., Sept. 3, 2021). When punitive damages and additional forms of compensatory damages are considered (lost wages, future medical expenses, impairment of earning capacity), the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

11. This Notice is filed within thirty (30) days after receipt of the initial pleading setting forth the claim for relief in this action and the time for filing this Notice under the statutes of the United States has not yet expired.

12. This Notice is signed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, Travelers Property Casualty Company of America, by counsel, hereby notifies the Court of its removal of this action from the McCracken Circuit Court in McCracken County, Kentucky to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

BARNES MALONEY PLLC

***/s/ Stephen C. Keller***

Stephen C. Keller, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1694
Fax: (502) 779-9349
skeller@sbmkylaw.com
*Counsel for Defendant,*
*Travelers Property Casualty Company of America*